BALASCOE, Appellant,

v.

ST. ELIZABETH HOSPITAL MEDICAL CENTER, Appellee.

[Cite as *Balascoe v. St. Elizabeth Hosp. Med. Ctr.* (1996), 110 Ohio App.3d 83.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 200.

Decided March 28, 1996.

*J.W. Fodor*, for appellant.

*William Scott Fowler,* for appellee.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Lucy A. Balascoe, appeals from an order of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, St. Elizabeth Hospital Medical Center, on the grounds that appellant's claim was barred by the applicable statute of limitations.

In the early morning hours of February 22, 1991, appellant entered the St. Elizabeth Hospital emergency room because of numbness in her right arm. Later that morning, appellant received a nerve-block injection and remained under the care of appellee in the emergency room.

After the injection, appellant was experiencing pain and was unable to get in or out of the hospital bed without assistance. During her stay in the emergency room, appellant left her bed three times to use the bathroom. Appellant used the call light on her bed to obtain the assistance of a hospital employee to help her get out of bed and to the bathroom and back again. On appellant's third trip to the bathroom, she was not assisted by the hospital employee. On her way back to her bed appellant slipped and fell, allegedly on a piece of plastic, suffering personal injuries as a result of the fall.

Appellant filed her complaint for personal injury on February 10, 1993. The complaint alleged negligence on the part of appellee in the maintenance of its premises.

Appellee subsequently filed a motion for summary judgment, asserting that appellant's claim was barred by the one-year statute of limitations as it was a "medical claim" as defined in R.C. 2305.11(D)(3).

After the trial court granted appellee's motion for summary judgment, appellant filed the instant appeal.

Appellant's sole assignment of error is:

"The trial court erred to the prejudice of appellant in granting summary judgment on the ground of the bar of the statute of limitations."

Appellant first argues that the trial court erred in determining that her claim was a "medical claim" as defined in R.C. 2305.11(D)(3). Appellant argues that an injury does not necessarily arise from a "medical claim" in every instance where an injury to a hospital patient occurs on hospital premises and is allegedly caused by the negligence of an employee of a hospital.

Appellant argues that her claim was one for negligent maintenance and, as such, should have been subject to the two-year statute of limitations found at R.C.

2305.10. Appellant cites a number of cases from other jurisdictions in support of her assertions that a claim which is based on a fall by a hospital patient allegedly caused by a slippery substance on a hospital floor is a regular "slip and fall" case and is not one of malpractice.

In response, appellee first cites *Cyrus v. Henes* (1993), 89 Ohio App.3d 172, 175, 623 N.E.2d 1256, 1257, reversed on other grounds (1994), 70 Ohio St.3d 640, 640 N.E.2d 810, and argues that, in the absence of factual issues, the application of the statute of limitations is generally a question of law for the court. In addition, appellee argues that, in determining which statute of limitations to apply, courts should look to the actual nature of the case, rather than to the form in which it is pled, citing *Benge v. Jones* (1992), 80 Ohio App.3d 420, 423, 609 N.E.2d 581, 583. Appellee argues that while the form of appellant's complaint may be that of a negligence action, the actual and inherent nature of appellant's claim is a medical claim, defined in R.C. 2305.11(D)(3) as follows:

" 'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."

Appellee relies on *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14, 635 N.E.2d 1239, and the decision by this court in *Raggazine v. St. Elizabeth Hosp. Med. Ctr.* (Sept. 19, 1991), Mahoning App. No. 90 C.A. 129, unreported, 1991 WL 184817. In *Raggazine*, the plaintiff was a patient at the hospital receiving medical care for reconstructive knee surgery. The plaintiff asserted claims based on injuries allegedly sustained when a hospital employee left the plaintiff on a bed pan for an extended period of time. On appeal, this court affirmed the trial court's granting of summary judgment in favor of the hospital based on the one-year statute of limitation set forth in R.C. 2305.11. This court found that, as the scope of R.C. 2305.11 had recently been expanded by the legislature, the definition would certainly cover this situation since a bed pan is an instrument generally used in a healthcare setting by a hospital employee.

However, we agree with appellant's argument that not all injuries sustained by a patient on hospital premises are "medical claim[s]" as defined in R.C. 2305.11(D)(3). We view appellant's claim as a standard negligent maintenance claim unfortunately occurring on hospital premises. While appellee rather persuasively argues that the alleged injury would not have occurred but for the fact that appellant was not helped back to bed, we nonetheless find that a claim such as the one asserted herein does not rise to the level of a "medical claim" as used in R.C. 2305.11(B)(1) and defined in R.C. 2305.11(D)(3) since it did not arise

directly from the "medical diagnosis, care or treatment" of appellant but rather arose from the alleged negligent maintenance of appellee's premises.

Appellant's assignment of error is found to have merit.

The judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

O'NEILL, P.J., and COX, J., concur.