LONG, Appellant,

v.

WARREN GENERAL HOSPITAL, Appellee.

[Cite as *Long v. Warren Gen. Hosp.* (1997), 121 Ohio App.3d 489.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5587.

Decided June 30, 1997.

*Gary L. Pasqualone,* for appellant.

*W. Leo Keating,* for appellee.

NADER, Judge.

This is an accelerated appeal from a summary judgment entered in favor of defendant-appellee, Warren General Hospital, and against plaintiff-appellant, William H. Long. The undisputed facts follow.

On March 16, 1994, appellant[1] arrived at appellee hospital at the direction of his physician to undergo a colonoscopy. Upon his arrival, a hospital nurse escorted appellant to an examination room and instructed him to remove his street clothing and put on a hospital gown. Because the room was cold, the nurse advised appellant to leave his socks on; no hospital slippers were provided. After approximately two hours of waiting, an orderly entered appellant's room with a gurney, which he placed five feet[2] from the bed upon which appellant was sitting. The inexperienced orderly instructed appellant to walk to the gurney, offering him no assistance. When appellant had covered approximately half the distance between the bed and the gurney, the orderly instructed him to bring the pillow from the bed with him. As appellant swiveled around to retrieve the pillow, he fell, striking his head on the wall and smashing his elbow into the floor.

---

1. Appellant was seventy-five years of age when this incident occurred.

2. Appellant, in his brief, states that this distance was six to ten feet. The basis of this assertion is the deposition testimony of appellant's wife, Garda Long, and son-in-law, Dennis McKenzie. These depositions were not filed with the clerk of courts. Thus, any assertions contained therein are not before this court.

After the fall, appellant was given hospital slippers. Appellant suffered a comminuted fracture of the left elbow, which required surgery and extensive physical therapy.

On May 8, 1995, appellant filed his complaint against the appellee hospital, seeking compensation for the injuries he sustained in compliance with the "negligent instructions of a nurse and orderly." After filing its answer and obtaining leave of court, appellee filed a motion for summary judgment on August 12, 1996, asserting that appellant's claim was time-barred by the applicable statute of limitations; appellant filed a memorandum in response. After conducting a hearing on the motion, the trial court granted appellee's motion for summary judgment on October 17, 1996. Appellant timely appealed, asserting a single assignment of error:

"The trial court committed prejudicial error in granting summary judgment in favor of appellee hospital finding that a one-year statute of limitations governed appellant's complaint."

The issue presented for our review in this case is narrow: whether the term "medical claim," as defined in R.C. 2305.11(D)(3), includes a claim for hospital employees' negligent instructions and assistance in transporting a patient to a physician-ordered diagnostic test, which results in injury to the patient.

Primarily, Civ.R. 56(C) provides the standard by which motions for summary judgment are determined. Construing the evidence most strongly in favor of the nonmoving party, if there exist no genuine issues of material fact and the moving party demonstrates that it is entitled to judgment as a matter of law, summary judgment is proper. Civ.R. 56(C).

With this standard in mind, we turn to appellant's sole contention in this case. Generally, a plaintiff has two years to file a lawsuit for personal injury. R.C. 2305.10. However, if the injury is based upon a "medical claim," the statute of limitations is reduced to one year. R.C. 2305.11(B)(1). A "medical claim" is defined as "any claim that is asserted in any civil action against a * * * hospital * * * and that arises out of the medical diagnosis, care, or treatment of any person * * * [and] includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." R.C. 2305.11(D)(3).

The Supreme Court of Ohio explained this definition in *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14, 635 N.E.2d 1239:

" '[C]are' as used in R.C. 2305.11(D)(3) (where the word is preceded by terms such as 'physician,' 'hospital,' 'nurse,' and 'medical diagnosis') means 'the prevention or alleviation of a physical or mental defect or illness.' * * * The terms

'medical diagnosis' and 'treatment' relate to the 'identification and alleviation of a physical or mental illness, disease, or defect.' *Id.*" *Id.*, 70 Ohio St.3d at 16, 635 N.E.2d at 1241.

Factually, *Rome* was a pair of consolidated cases involving the issue before this court. In the first case, Barbara Rome was scheduled for x-rays at Flower Memorial Hospital. She was strapped onto an x-ray table by a student radiological intern who failed to fasten the footboard at the bottom of the table. When the table was elevated, Rome fell and was injured. In the second case, Harold Eager was a patient of St. Vincent Medical Center and was being transported in a wheelchair from a physical therapy session. A component of the wheelchair collapsed during transport, and Eager was injured.

Concluding that these were "medical claims," the Supreme Court based its decision on several facts: (1) each was a patient of the hospital when injured, (2) each patient was ordered to undergo a diagnostic test or treatment by a physician, (3) each patient was being assisted by a hospital employee, and (4) each patient was injured en route to, or in the course of, a service that was necessary to the treatment and alleviation of medical complaints. Specifically, in relation to Eager's case, the court stated that "we find that the transport of Eager from physical therapy was ancillary to and an inherently necessary part of his physical therapy treatment." *Id.* at 16, 635 N.E.2d at 1242.

Similarly, in this case, appellant was a patient at the appellee hospital when he was injured. Appellant was directed by his physician to submit to a colonoscopy at the appellee hospital. Further, appellant was responding to, and attempting to comply with, instructions given by the nurse and orderly; appellant was instructed to leave his socks on and was directed to walk without assistance to the gurney for transport. Moreover, appellant was in the act of complying with the orderly's instruction, mid-stride, to turn around and retrieve a pillow from the bed behind him, when he fell and was injured. Finally, the transport of appellant to the colonoscopy test was, as the *Rome* court held, "ancillary to and an inherently necessary part of" his diagnosis and treatment. *Id.* at 16, 635 N.E.2d at 1242. The need to transport appellant arose out of the diagnostic testing directed by appellant's physician. According to the rule and reasoning expressed in *Rome*, these facts give rise to a "medical claim," as defined in R.C. 2305.11(D)(3). See, also, *Grubb v. Columbus Community Hosp.* (1997), 117 Ohio App.3d 670, 691 N.E.2d 333.

This is no ordinary slip-and-fall negligence case, as in the case of *Balascoe v. St. Elizabeth Hosp. Med. Ctr.* (1996), 110 Ohio App.3d 83, 673 N.E.2d 651. In *Balascoe*, the plaintiff was an emergency room patient of the defendant hospital.

She was unable to get in or out of her hospital bed without assistance. On one occasion, however, Balascoe got out of bed to use the bathroom without waiting for assistance. On her return to her bed, she slipped and fell on a piece of plastic left on the floor, suffering varying injuries. Balascoe was not instructed to get out of bed, nor was she assisted by hospital personnel in any manner. The Seventh District Court of Appeals held that Balascoe's injuries did not arise directly from her medical diagnosis, care or treatment, but rather arose from the alleged negligent maintenance of the hospital's premises. In so holding, the court stated that "not all injuries sustained by a patient on hospital premises are 'medical claim(s)' as defined in R.C. 2305.11(D)(3)." *Id.* at 85, 673 N.E.2d at 653. Although we agree with this statement of the law, we conclude that the accident in this case is more closely analogous to *Rome*.

Consequently, we conclude that the cause of action alleged in appellant's complaint was a "medical claim" as defined in R.C. 2305.11(D)(3), and the applicable statute of limitations for this cause of action is one year. R.C. 2305.11(B)(1). There is no factual dispute that the incident took place on March 16, 1994, and the complaint was filed on May 8, 1995. As a result, appellant's claim against appellee is barred by the one-year statute of limitations, and summary judgment in favor of appellee was appropriate. Appellant's sole assignment of error lacks merit.

In accordance with the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., concurs.

CHRISTLEY, J., concurs in judgment only.