OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Dr. Patrick T. Hergenroeder, appeals the trial court's denial of his motion for leave to file an amended answer in a personal injury suit filed by appellees, Carole and Richard Tayerle. The following facts are relevant to a determination of this appeal.
On February 9, 1995, appellee, Carole Tayerle, went to the office of appellant, located in Chagrin Falls, Ohio, for purposes of receiving rehabilitative treatment following an earlier knee surgery. Appellee, then sixty-one years old, used a walker to assist her following the surgery. When appellee arrived at appellant's office on the day of the incident, she successfully passed through two automatic doors to enter the waiting room. From there, appellee had to pass through a third door to get to her physical therapy session. She was assisted by an employee of appellant who held the spring-loaded door open for her. Appellee proceeded down the hallway and into the physical therapy room with the help of appellant's employee.
After completing approximately forty-five minutes of physical therapy work, appellee changed her clothes. Afterwards, without informing anyone, appellee attempted to leave without assistance. Appellee opened the spring-loaded door to the waiting room but, as she passed through, the door hit her causing her to fall. Appellee suffered injuries as a result of the fall.
On January 24, 1997, appellee commenced this action in the Geauga County Court of Common Pleas. In appellee's complaint, she alleged that appellant negligently permitted her to travel from the physical therapy room to the waiting room without any assistance, resulting in her sustaining serious injuries. Appellant's answer did not raise the statute of limitations as a defense. In a pre-trial status report filed by appellant on August 1, 1997, appellant acknowledged that this was a "slip or trip and fall" case which occurred at appellant's clinic. Additionally, appellant stated that no amendments to the pleadings were anticipated by the defense.
The matter was scheduled for a jury trial beginning October 5, 1998. On September 22, 1998, less than two weeks prior to the scheduled trial, appellant filed a motion for leave to file an amended answer. Specifically, appellant sought to amend his answer to assert the statute of limitations as a defense. Appellant maintained that this action was a medical claim and, therefore, subject to a one-year statute of limitations pursuant to R.C. 2305.11. Appellee filed a memorandum in opposition to appellant's motion on September 24, 1998. On October 1, 1998, the trial court denied appellant's motion. The matter proceeded to trial as scheduled. During trial, appellant renewed his motion for leave to amend his answer, but his motion was once again denied. The jury returned a verdict in favor of appellee and, on October 5, 1998, the trial court entered judgment in favor of appellee in the amount of $190,000.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court abused its discretion by denying his motion for leave to file an amended answer. We disagree.
Pursuant to Civ.R. 15(A), when a party wishes to amend his pleading outside of the normal time allowed to regularly file such pleading, he may only do so by leave of court or consent of the other party. Civ.R. 15(A) further states that leave to file an amended pleading "shall be freely given when justice so requires." Additionally, the Supreme Court of Ohio has held that the decision to grant or deny a motion to file amended pleadings is within the discretion of the trial court. Hoover v. Sumlin (1984), 12 Ohio St.3d 1,5.
In the present case, it is clear that appellee did not file a medical malpractice claim but, instead, filed a simple slip and fall case that happened to have occurred in a doctor's office. Medical claim, as defined in R.C. 2305.11(D)(3), means:
 "* * * any claim that is asserted in any civil action against a physician, podiatrist, or hospital * * * and that arises out of the medical diagnosis, care, or treatment of any person * * *."
Appellee's injuries were not the result of any medical diagnosis, care, or treatment. She was simply leaving the doctor's office after her treatment, or care, had ended. This court has previously examined this area of the law in Long v. Warren Gen. Hosp. (1997), 121 Ohio App.3d 489. In Long, the plaintiff arrived at the defendant hospital at the direction of his physician to undergo a colonoscopy. At the direction of a hospital nurse, the plaintiff disrobed and put on a hospital gown. He was advised by the nurse to leave his socks on. Eventually, an orderly arrived to take the plaintiff to have the procedure performed. The orderly instructed the plaintiff to walk over to a gurney, without offering him any assistance. The plaintiff slipped and fell sustaining a variety of injuries. This court held that the plaintiff's claim based on the alleged negligence of the nurse and orderly was a "medical claim" subject to the one-year statute of limitations. Id. at 492.
Our decision was based upon our conclusion that the plaintiff was attempting to comply with the instructions given by the nurse and orderly while in the course of seeking treatment at the direction of his physician. The transport of the plaintiff was ancillary to and an inherently necessary part of his diagnosis and treatment. Our decision followed the reasoning of the Supreme Court of Ohio in Rome v. Flower Mem. Hosp. (1994), 70 Ohio St.3d 14.
We then distinguished the case of Balascoe v. St. ElizabethHosp. Med. Ctr. (1996), 110 Ohio App.3d 83. We explained:
 "In Balascoe, the plaintiff was an emergency room patient of the defendant hospital. She was unable to get in or out of her hospital bed without assistance. On one occasion, however, Balascoe got out of bed to use the bathroom without waiting for assistance. On her return to her bed, she slipped and fell on a piece of plastic left on the floor, suffering varying injuries. Balascoe was not instructed to get out of bed, nor was she assisted by hospital personnel in any manner. The Seventh District Court of Appeals held that Balascoe's injuries did not arise directly from her medical diagnosis, care or treatment, but rather arose from the alleged negligent maintenance of the hospital's premises. In so holding, the court stated that `not all injuries sustained by a patient on hospital premises are "medical claim(s)" as defined in R.C. 2305.11(D)(3).' Id. at 85, 673 N.E.2d at 653. Although we agree with this statement of the law, we conclude that the accident in this case is more closely analogous to Rome." Id. at 492-493.
In examining the facts of the case sub judice in light of what this court has previously held, we must conclude that the case at bar is more closely analogous to Balascoe. Appellee was on her way out of appellant's medical office after her treatment had ended. She was not under the direction or supervision of appellant or his employees. Accordingly, we must conclude that appellee's claim was not a "medical claim" subject to the one-year statute of limitations. Thus, the trial court did not err in denying appellant's motion for leave to file an amended answer asserting the one-year statute of limitations.
Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
FORD, P.J., NADER, J., concur.