SCOTT ET AL., APPELLANTS, *v.* ORLANDO, APPELLEE.

(No. L-81-030—Decided July 31, 1981.)

*Mr. Thomas B. Hayes,* for appellants.
*Mr. James F. Nooney,* for appellee.

DOUGLAS, J. This case comes before the court on appeal from judgment of the Lucas County Court of Common Pleas, dismissing appellants' complaint.

This cause of action involves a medical malpractice claim brought by appellants, Milo D. Scott and Carolyn Joyce Scott, against appellee, Joseph Orlando, M.D. The doctor-patient relationship terminated on March 20, 1978, and appellants filed their complaint in the Lucas County Court of Common Pleas on August 31, 1979. The parties agreed that the complaint was filed within the statute of limitations, as extended under the provisions of R.C. 2305.11, when appellants notified appellee that they were considering filing suit.

Service of summons, however, was not obtained at the time the complaint was filed. At the request of appellants' counsel, who was concerned about possible complications in other litigation, the clerk of courts held service in abeyance. Appellants did, however, file a praecipe with the clerk of courts on June 25, 1980, requesting that service be obtained. For reasons that are not entirely clear, the clerk forwarded the file and praecipe to the trial court, which court requested that appellants explain, in writing, the reasons for the delay between the filing of the complaint and the request for service. On July 16, 1980, appellants' counsel filed a letter of explanation and regularly thereafter inquired of both the clerk and the court into the status of the case. Notwithstanding these efforts, service was

not perfected until September 12, 1980, said date being more than one year after the filing of the complaint. On October 6, 1980, appellee filed a motion to strike, or, in the alternative, to dismiss the complaint on the ground that service had not been obtained within one year after the filing of the complaint, as required by Civ. R. 3(A). On January 27, 1981, the trial court entered judgment finding appellee's motion to dismiss well taken and dismissing appellants' complaint. From that judgment, appellants appeal.

Appellants present the following, labeled as Law and Argument, which we shall consider the assignment of error. (See, however, App. R. 12[A].)

"The trial court erred when it dismissed plaintiffs [sic] complaint because defendant was not served within one year of the filing of the complaint."

Appellants contend that the trial court erred in dismissing appellants' complaint in that the time limit for service prescribed by R.C. 2305.17 and Civ. R. 3(A) might have been extended by applying the savings clause, R.C. 2305.15, to those time limits. (Appellee had admitted to being absent from the state for approximately twenty-nine days.) We find this argument inapplicable given the facts of this case. Appellants further contend, however, that the trial court erred in dismissing appellants' complaint since the failure to obtain service within the time limit was caused by the actions of the clerk of courts and/or the trial court. We find this to be the central issue and dispositive of the case.

When appellants filed the praecipe for service on June 25, 1980, the clerk of courts sent the case file to the trial court to which the case had been assigned. Apparently, this was done pursuant to an unwritten rule applicable to cases in which a delay had occurred between the filing of the complaint and the request for service.[1] Appellants were informed that a written explanation of the reasons for delay was required. During this period, appellants' counsel was assured that appellants would not be held accountable for the delay.

We find no authority which reposes discretion as to the issuance of summons in the clerk of courts or in the trial court. We find, in fact, that Civ. R. 4(A) states that:

"Upon the filing of the complaint the clerk *shall* forthwith issue a summons for service upon each defendant listed in the caption. * * *" (Emphasis added.)

We further find the reasoning of the Ohio State Supreme Court in *Robinson* v. *Commercial Motor Freight, Inc.* (1963), 174 Ohio St. 498 [23 O.O.2d 139], to be compelling in this case. Although *Robinson* was decided under R.C. 2703.01 (repealed, July 1, 1971), we find the following statement of the rationale, at 502, applicable herein as well:

"The potential injustice of this rule may be demonstrated. A clerk may be forgetful or careless and as a result fail to issue summons until too late. In these days of congested population, a clerk has many deputies. The clerk's office in a populous county has a huge number of filings to make, records to maintain, and other paperwork. A deputy may for one reason or another fail to cause the issuance of summons and thereby preclude a plaintiff from having his day in court. A clerk or a deputy may have a personal feeling against some attorney, and a rule such as that in the *Ambach* case might well afford an opportunity to vent such feeling."

For the foregoing reasons we find that a cause of action will not be barred by

---

[1] This court questions the propriety of the clerk honoring such a request, if made, when Civ. R. 4(A) states that, "[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant * * *" and does not find any basis upon which to find appellants barred by the honoring thereof.

failure to obtain service within the prescribed time when such failure is caused by unreasonable delay attributable to the clerk of courts or the court itself. We, therefore, find appellants' assignment of error well taken.

On consideration whereof, the court finds substantial justice has not been done the parties complaining, and judgment of the Lucas County Court of Common Pleas is reversed. Service upon appellee is hereby approved and found valid.

This cause is remanded to said court for further proceedings according to law. Costs to abide final outcome.

*Judgment reversed.*

CONNORS, P.J., concurs.
POTTER, J., dissents.

POTTER, J., dissenting. I am not unsympathetic to the plight of the plaintiffs. However, the defendant is free of any wrongdoing which contributed to plaintiffs' unfortunate dilemma. In fact, plaintiffs' counsel purposely delayed service on the defendant in the belief that defendant's testimony in another case would not be tainted by service in the case *sub judice.* The defendant had a statutory right to have his case timely commenced. I find that others, counsel, the clerk or the court, cannot alter defendant's right.