[Cite as *Kowalski v. Pong*, 2017-Ohio-9310.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RICHARD KOWALSKI, et al. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27577 |
| | : | |
| v. | : | Trial Court Case No. 15-CV-6432 |
| | : | |
| THONG V. PONG, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . . .

ALFRED W. SCHNEBLE III, Atty. Reg. No. 0030741, 11 Monument Avenue, Suite 402, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant

T. ANDREW VOLLMAR, Atty. Reg. No. 0064033, 137 N. Main Street, Suite 400, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Richard and Claudine Kowalski appeal from the trial court's dismissal of their personal-injury action against Kristina Hernandez. Finding no error, we affirm.

## I. Background

{¶ 2} On December 14, 2013, the Kowalskis were involved in an auto accident. They filed a complaint for personal injury against Thong V. Phong,[1] the owner of the other vehicle, on December 9, 2015, a few days before the statute of limitations expired. About a week later, Phong filed an answer stating that he was not involved in the accident. The Kowalskis subsequently discovered that the vehicle was actually driven by Hernandez. So on February 1, 2016, they moved to amend their complaint under Civ.R. 15 or, alternatively, to add Hernandez as a defendant under Civ.R. 21 or to substitute her for Phong under Civ.R. 17.

{¶ 3} On April 5, 2016, the trial court overruled the motion under Civ.R. 17 but stayed consideration of the motion under Civ.R. 15 and 21, pending an evidentiary hearing. On October 20, the court overruled the motion to add Hernandez as a defendant under Civ.R. 21 and granted the motion to amend the complaint under Civ.R. 15(C). The court allowed the Kowalskis to file an amended complaint that names Hernandez as the sole defendant of a negligence claim. Citing Civ.R. 3(A), the court noted that "[t]he period for commencing the case against Ms. Hernandez, taking into account the date on which Plaintiffs filed their original complaint, runs for approximately seven weeks more, ending on or about December 9, 2016."

{¶ 4} The Kowalskis immediately filed an amended complaint that requests service on Hernandez at her home address. But the clerk of courts did not issue a summons for

---

[1] Phong's name is misspelled in the caption and throughout the record.

service to her. About three months later, on January 31, 2017, the Kowalskis again requested service. This time, the clerk issued a summons for service, but a week later, on February 7, service was returned unsuccessful. On March 27, a motion to dismiss was filed for failure to obtain service on Hernandez within the one-year requirement of Civ.R. 3(A). Two days later, the Kowalskis again asked the clerk to serve Hernandez. She was served successfully on April 5.

{¶ 5} On April 17, the trial court granted the motion to dismiss. The court noted that under Civ.R. 15(C) the substitution of Hernandez for Phong related back to the date that the original complaint was filed, which means that Hernandez was brought into the case before the two-year statute of limitations expired. But under Civ.R. 3(A), said the court, the Kowalskis were still required to obtain service within one year of the original complaint's filing date, which they conceded they had not done.

{¶ 6} The Kowalskis appealed.

## II. Analysis

{¶ 7} The sole assignment of error alleges that the trial court erred by granting the motion to dismiss.

{¶ 8} The trial court dismissed this case because the Kowalskis failed to obtain timely service on Hernandez. Under the applicable two-year statute of limitations, R.C. 2305.10, the Kowalskis had until December 15, 2015, to commence their action for personal injuries. Civ.R. 3(A) pertinently states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C)." Consequently having filed their complaint on December 9,

2015, the Kowalskis had until December 9, 2016, to obtain service on a defendant. It is not disputed that Hernandez was served on April 5, 2017, after the Civ.R. 3(A) deadline. But the Kowalskis contend that filing their amended complaint gave them another year to serve Hernandez. And they contend that delays caused by the trial court and the clerk of courts entitled them to have the one-year service deadline extended.

A. *Filing the amended complaint did not reset the time for service.*

**{¶ 9}** The Kowalskis argue that service was timely because they had until October 19, 2017—one year from the date they filed their amended complaint—to serve Hernandez. They say that filing the amended complaint reset Civ.R. 3(A)'s one-year service requirement. We disagree.

**{¶ 10}** Civ.R. 15(C) "operate[s] to relate a complaint amended pursuant to [that] rule[] back to the filing of the original complaint for statute of limitations purposes." *Knotts v. Solid Rock Ents., Inc.*, 2d Dist. Montgomery No. 21622, 2007-Ohio-1059, ¶ 30. This rule allowed the Kowalskis to pursue their claim against Hernandez even though the statute of limitations had already run.[2] But we find no authority that says that filing an amended complaint against a corrected defendant affects the time-for-service requirement in Civ.R. 3(A).

**{¶ 11}** Neither of the cases that the Kowalskis rely on applies here. The plaintiff in *Kraus v. Maurer,* 8th Dist. Cuyahoga No. 83182, 2004-Ohio-748, filed an amended complaint before the statute of limitations expired. The court explained that "[t]he filing of

---

[2] We question whether the trial court decision to allow "substitution" of the driver, who was not included before the running of the statute of limitations, for the owner who was named in the original complaint was correct on this record but that issue is not before us in this appeal.

an amended complaint prior to the running of the statute of limitations, but prior to the commencement of the original action, is the equivalent of refiling the action, and, therefore, the one-year period under Civ.R. 3(A) begins to run on the day the amended pleading was filed." *Kraus* at ¶ 26. The plaintiff in *Goolsby v. Anderson Concrete Corp.,* 61 Ohio St.3d 549, 551, 575 N.E.2d 801 (1991), filed her first complaint less than seven months after the accident which caused her alleged injuries but instructed the clerk not to attempt service of the summons and complaint. Two days before the statute of limitations expired, the plaintiff instructed the clerk to effect service, which was obtained six days later. The plaintiff voluntarily dismissed the case and later refiled her complaint under the saving statute. The trial court dismissed the plaintiff's second action on the ground that the original complaint had not been "commenced" under Civ.R. 3(A), that the filing was a "nullity," and that the saving statute was inapplicable. The Ohio Supreme Court disagreed and held that the plaintiff's instruction to the clerk to attempt service was the same as refiling the complaint, which was done before the statute of limitations expired.

{¶ 12} The difference between *Kraus* and *Goolsby* and this case is that the plaintiffs in those two cases could have dismissed the claims in their original complaints and refiled the same claims in an amended complaint because the statute of limitations for the claims had not yet expired. Here though, the statute of limitations had expired, so the Kowalskis could not have dismissed the negligence claim in their original complaint and refiled the claim in an amended complaint. *Compare Fetterolf v. Hoffmann-LaRoche, Inc.*, 104 Ohio App.3d 272, 661 N.E.2d 811 (11th Dist.1995) (concluding that the appellant's loss-of-consortium claim was untimely because appellant "refiled" the claim in an amended complaint after the statute of limitations had expired).

B. *There is no basis to enlarge the time to obtain service.*

{¶ 13} The Kowalskis also argue that delays caused by the trial court and the clerk of courts entitled them to have Civ.R. 3(A)'s one-year service deadline enlarged because these "unreasonable delays" are partially to blame for the failure to obtain service on Hernandez. The Kowalskis point out that they filed their motion to amend the complaint on February 1, 2016, but that the trial court did not rule on it until October 20. As for delays by the clerk, they do not cite any in their argument on this issue. Presumably, they are referring to the clerk's failure to issue a summons for service after the amended complaint was filed.

{¶ 14} Generally, Civ.R. 3(A)'s one-year service time requirement cannot be enlarged. *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 2014-Ohio-5354, 25 N.E.3d 355 (10th Dist.). But there are exceptions, some of which the Tenth District discussed in *Eichenberger*. The appellate court noted that the Ohio Supreme Court in *Robinson v. Commercial Motor Freight, Inc.*, 174 Ohio St. 498, 190 N.E.2d 441 (1963), determined that when a clerk is forgetful or careless in failing to promptly serve the summons, application of the rule may be inappropriate. In that case, the attorney repeatedly called and asked the clerk to serve the summons and had filed a document demanding service. The Tenth District then noted the exception in *Scott v. Orlando*, 2 Ohio App.3d 333, 442 N.E.2d 96 (6th Dist.1981), which the Kowalskis cite in support of their argument. In *Scott*, the clerk refused to serve a complaint, in violation of Civ.R. 4(A). The plaintiff timely filed a complaint, alleging medical malpractice, but did not immediately request service. Later, the plaintiff asked the clerk to serve the defendant, but the clerk forwarded the case to the trial judge, who asked the plaintiff to provide a written

explanation for the delay in requesting service. Ultimately, the defendant was not served until after the Civ.R. 3(A) deadline. On the defendant's motion, the trial court dismissed the case. The appellate court reversed, saying that neither the clerk nor the trial court has discretion as to the issuance of summons. The court held that "a cause of action will not be barred by failure to obtain service within the prescribed time when such failure is caused by unreasonable delay attributable to the clerk of courts or the court itself." *Scott* at 334-335. Lastly, the Tenth District cited *Thomas v. Corrigan,* 135 Ohio App.3d 340, 733 N.E.2d 1213 (11th Dist.1999), which found that the plaintiff's "ability to serve appellee within a year was defeated by the trial court's erroneous dismissal of the case." *Thomas* at 346.

{¶ 15} We do not disagree with the Tenth District that the case law establishes that "the one-year time requirement of Civ.R. 3(A) may be enlarged where the failure of service is the result of circumstances outside plaintiff's control." *Eichenberger* ¶ 52. Here, the Kowalskis' failure to timely serve Hernandez was not the result of circumstances outside their control. They waited to file their initial complaint against Phong until just a few days before the statute of limitations expired. Phong filed his answer nine days after the complaint was filed and said that he was not involved in the accident, yet three months passed before the Kowalskis sought to amend their complaint. After they filed their amended complaint, the Kowalskis had over a month and a half to serve Hernandez before the Civ.R. 3(A) deadline expired—about which the trial court had warned them. Nothing in the record suggests that the Kowalskis took issue with the trial court's deadline calculation. It does appear that the clerk failed to issue a summons for service after the amended complaint was filed. But ultimately, "[i]t is the plaintiff's burden to be sure that

proper service is accomplished within the one year provided by law." *Bell v. Midwestern Educational Servs., Inc.*, 89 Ohio App.3d 193, 204, 624 N.E.2d 196 (2d Dist.1993), citing Civ.R. 4.6(E) (saying that "[t]he attorney of record or the serving party shall be responsible for determining if service has been made"). We see nothing in the record showing that the Kowalskis made an effort to ensure that Hernandez was served before the deadline.

C. *Whether Phong had standing to file the motion to dismiss is immaterial.*

{¶ 16} The Kowalskis argue that Phong had no standing to move for dismissal. They say that Phong filed the motion to dismiss, but that he was no longer a party to this action, because the amended complaint names only Hernandez as a defendant. Hernandez responds that she was the only defendant after the filing of the amended complaint and that she was the one who moved for dismissal. Alternatively, she argues that, even if it was Phong who moved to dismiss, it does not change the fact that the Kowalskis failed to timely serve her.

{¶ 17} The caption of the motion to dismiss lists Phong as the sole defendant, and some of the motion's language suggests that it is Phong who is asking the court to dismiss the case: "The Defendant moves for a dismissal based on the Plaintiffs' failure to serve Kristina Hernandez within one year of filing suit * * *." As a matter of law, the effect of the Kowalskis filing their amended complaint, omitting Phong as a defendant, was to abandon the action as to Phong. *See Wrinkle v. Trabert*, 174 Ohio St. 233, 238, 188 N.E.2d 587 (1963). Still, nothing in the record indicates that Phong was ever formally dismissed as a party. Regardless, we agree with Hernandez that ultimately what matters is that dismissal of the case was proper.

D. *Whether Hernandez attempted to evade service is moot.*

{¶ 18} The Kowalskis argue that the trial court should have denied the motion to dismiss because Hernandez had unclean hands. In her deposition on June 27, 2016, Hernandez stated her home address. The attempt to serve her in January 2017 was to that address, yet service was returned as "not deliverable as addressed—unable to forward." Yet in April 2017 Hernandez was served at that address successfully. The Kowalskis say that these facts strongly imply that she was avoiding service. These facts are hardly conclusive that Hernandez was attempting to avoid service. Regardless, the issue is moot because the time for service had already expired in December 2016, before service on Hernandez was first attempted.

### III. Conclusion

{¶ 19} A trial court may dismiss an action if a plaintiff fails to obtain service within one year after filing the complaint. *Maryhew v. Yova*, 11 Ohio St.3d 154, 157, 464 N.E.2d 538 (1984). The Kowalskis failed to obtain serve on Hernandez within a year of filing their complaint. So the trial court did not err by dismissing their case. The sole assignment of error is overruled. And the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Alfred Schneble
T. Andrew Vollmar
Hon. Erik R. Blaine