[Cite as *State v. Jones*, 2023-Ohio-4145.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-626 |
| v. | : | (C.P.C. No. 13CR-2345) |
| Antonio M. Jones, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 16, 2023

**On brief:** [*Janet A. Grubb,* First Assistant Prosecuting Attorney], and *Seth L. Gilbert*, for appellee.

**On brief:** *Antonio M. Jones,* pro se.

ON MOTION FOR RECONSIDERATION

BOGGS, J.

{¶ 1} Defendant-appellant, Antonio M. Jones, has filed pursuant to App.R. 26(A) a motion for reconsideration of this court's August 22, 2023 decision affirming the Franklin County Court of Common Pleas decision denying his motion for leave to file a motion for a new trial. Since Jones has not identified an obvious error in our decision or raised issues that were not fully considered by this court, his motion is denied.

{¶ 2} " 'App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.' " *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 10th Dist. No. 03AP-269, 2004-Ohio-2715, ¶ 2, quoting *State v. Owens,* 112

Ohio App.3d 334, 336 (11th Dist.1996). "When presented with an application for reconsideration filed pursuant to App.R. 26, an appellate court must determine whether the application 'calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.' " *State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8, quoting *Columbus v. Hodge*, 37 Ohio App.3d 68, 68 (10th Dist.1987).

{¶ 3} Jones, as a pro se litigant, is bound by the same rules and procedures as litigants who are represented by counsel. *White v. Fifth Third Bank*, 10th Dist. No. 10AP-236, 2010-Ohio-4611, ¶ 13, citing *Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652. A pro se litigant can neither expect nor request special treatment and is held to the same standards as members of the bar. *Kessler v. Kessler,* 10th Dist. No. 09AP-740, 2010-Ohio-2369; *see also Asset Acceptance, LLC v. Evans*, 10th Dist. No. 04AP-36, 2004-Ohio-3382, ¶ 9.

{¶ 4} Jones asks this court to reconsider its decision affirming the trial court's denial of his successive motion for leave to file a motion for a new trial. This court found that Jones's arguments in support of his motion for leave to file a motion for a new trial were barred by res judicata. *State v. Jones*, 10th Dist. No. 22AP-626, 2023-Ohio-2936. On August 29, 2023, Jones filed a motion for reconsideration, and on September 21, 2023, Jones filed his notice of appeal to the Supreme Court of Ohio.[1] In his motion for reconsideration, Jones argues that applying the doctrine of res judicata in this circumstance is unreasonable and unjust. We do not agree.

---

[1] As of the date of this decision, the Supreme Court has not yet accepted Jones's discretionary appeal for consideration. This court has not been divested of jurisdiction to rule on Jones's motion for reconsideration. *See* Ohio S.Ct.Prac.R 7.01 (D); *State v. Howe*, 73 Ohio St.3d 35 (1995).

{¶ 5}   Jones does not present an argument showing an obvious error in our August 22, 2023 decision.  Instead, he repeats the same claims of ineffective assistance of counsel and newly discovered evidence that this court found were barred by res judicata. Ultimately, Jones does not identify an error in our decision affirming the trial court's denial of his motion for leave to file a motion for a new trial, nor does he identify an issue not fully considered by this court.  Therefore, we deny his motion for reconsideration.

*Motion for reconsideration denied.*

BEATTY BLUNT, P.J. and MENTEL, J., concur.

———————————