[Cite as *FIG as Custodian for FIG OH18, L.L.C. v. Jones*, 2024-Ohio-5116.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

FIG AS CUSTODIAN FOR FIG OH18   :
LLC AND SECURED PART   :
  :   C.A. No. 30104
    Appellant   :
  :   Trial Court Case No. 2021 CV 01168
v.   :
  :   (Civil Appeal from Common Pleas
DORIAN JONES, ET AL.   :   Court)
  :
    Appellees   :

. . . . . . . . . . .

O P I N I O N

Rendered on October 25, 2024

. . . . . . . . . . .

DAVID T. BRADY, Attorney for Appellant

ANASTASIA TIPLER, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} FIG, as custodian for FIG OH18 and Secured Party, appeals from the trial court's dismissal with prejudice of its foreclosure action pursuant to Civ.R. 12(B)(6). For

the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} Since April 2016, Dorian Jones (aka Dorian Jones-Person) has owned the property located at 817 Conners Street in Dayton. On November 19, 2019, FIG purchased a tax certificate (Tax Certificate No. 2019-0000000816) concerning the Conners Street property from the Montgomery County Treasurer, pursuant to R.C. 5721.33. The certificate reflected delinquent taxes of $4,439.16, a certificate purchase price of $4,839.16, and a negotiated interest rate of 18 percent. FIG purchased a second tax certificate (Tax Certificate No. 2020-0000000156) concerning the same property on November 23, 2020. Both certificates entitled FIG to seek foreclosure within three years of the date of purchase.

{¶ 3} On March 22, 2021, FIG filed a notice of intent to foreclose on the 2019 tax certificate with the Montgomery County Treasurer. The treasurer promptly certified that the property had not been redeemed.

{¶ 4} On March 24, 2021, two days after filing its notice of intent, FIG filed a foreclosure action against Jones and others. It sought to foreclose on the 2019 tax certificate, have both certificates declared valid first liens, and have the property sold. FIG attached copies of the tax certificates, the quit claim deed conveying the property to Jones, its notice of intent to foreclose, and a preliminary judicial report, which showed that $430.68 in taxes were owing as of the first half of tax year 2020.

{¶ 5} FIG attempted to serve Jones by certified mail, FedEx, and personal service. Service by certified mail and FedEx were unsuccessful. The docket shows that personal

service was completed on June 11, 2021, when a woman signed for the complaint and summons at an address on Crestmore Avenue. When Jones did not file an answer, the trial court instructed FIG to file a motion for default judgment, which it did. On July 23, 2021, the trial court entered a judgment and decree of foreclosure.

{¶ 6} Nearly two years later, FIG filed a praecipe for an order of sale, and a sheriff's sale was scheduled for October 6, 2023. However, on September 27, Jones moved for relief from the foreclosure judgment, pursuant to Civ.R. 60(B) and the court's inherent power, and to vacate the sheriff's sale. He indicated that he had not been served with the complaint and summons, that he did not know the woman who signed for the documents, and that he had learned that a different person named Dorian Jones resided at the Crestmore residence. Jones stated that he had been unaware of the foreclosure action until September 8, 2023, when his cousin notified him that his home was listed for a sheriff's sale. In response, FIG moved to withdraw the sheriff's sale "as service was not perfected on the correct defendant." The trial court canceled the sale.

{¶ 7} Again acknowledging that service had been made on the incorrect individual, FIG also filed a motion to vacate the judgment and decree of foreclosure and to strike the June 2021 service on the wrong Dorian Jones. Two days later, on October 14, 2023, the trial court granted FIG's motion. Within days, FIG sought to have Jones served by certified mail. Jones was successfully served on October 23, 2023.

{¶ 8} After receiving an extension to answer or otherwise respond to the complaint, Jones filed a Civ.R. 12(B)(6) motion to dismiss "for failing to comply with the governing statute of limitations related to tax liens and any foreclosure action related thereto." He

argued that he had not been served within one year of the filing of the complaint, as required by Civ.R. 3(A), and therefore the foreclosure action had not commenced on March 24, 2021. Consequently, he argued, FIG did not comply with the statutory requirement to commence a foreclosure proceeding within 120 days of filing the notice of intent to foreclose, and the tax certificates expired. Jones asserted that the circumstances were analogous to *Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113.

{¶ 9} FIG opposed the motion, arguing that dismissal under Civ.R. 12(B)(6) was inappropriate, as its complaint adequately stated a claim and evidence was required to establish Jones's defense. FIG argued, alternatively, that its case had "not been pending for more than one year when taking into account the effect of any tolling of service while the case sat at judgment." It noted that it had received a judgment within four months of filing its action and asserted that it should not be penalized for the time it waited, in good faith, to execute upon the judgment. Finally, it argued that dismissal would not benefit either party: it would immediately refile the action, which would only add fees and costs.

{¶ 10} The trial court granted the motion and dismissed the action with prejudice. It concluded that FIG's claims were time-barred, because it had failed to serve Jones within one year, as required by Civ.R. 3(A), and had not commenced its foreclosure action within 120 days of its notice of intent to foreclose, as required by R.C. 5721.37(C)(2). The court rejected FIG's contention that the one-year period to serve Jones was tolled by the judgment and decree of foreclosure. The court further found that both tax certificates had been cancelled because more than three years had elapsed since their purchase.

{¶ 11} FIG appeals from the trial court's judgment. In its sole assignment of error,

FIG claims that the trial court erred in dismissing its case with prejudice as the Ohio savings statute permitted it to refile its action within one year of dismissal.

## II. Standard of Review

{¶ 12} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. In order to prevail, such a complaint must demonstrate that the plaintiff can prove no set of facts entitling him to relief." *Grover v. Bartsch*, 2006-Ohio-6115, ¶ 16 (2d Dist.). A reviewing court must construe the complaint in the light most favorable to the plaintiff, presume the factual allegations in the complaint to be true, and make all reasonable inferences in favor of the plaintiff. *Id.*

{¶ 13} "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 13.

{¶ 14} Generally, if a movant submits and relies on evidence outside the face of the pleadings to support the Civ.R. 12(B)(6) motion and the trial court does not exclude that evidence, the motion should be treated as a motion for summary judgment pursuant to Civ.R. 56. Civ.R. 12(B); *Timberlake Apts. LLC v. Underwriters at Lloyds London*, 2022-Ohio-29, ¶ 17 (2d Dist.). However, the Ohio Supreme Court has permitted trial courts to take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion without having to convert it to a motion for summary judgment. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16 (1996); *State ex rel. Scott v. Cleveland*, 2006-Ohio-

6573, ¶ 26. Under this narrow exception, a trial court could take judicial notice of the circumstances surrounding service of the complaint and summons when resolving Jones's Civ.R. 12(B)(6) motion. *Pearson v. Columbus*, 2014-Ohio-5563 (10th Dist.); *see also Fisher v. Smith & Lehrer Co., L.P.A.*, 2024-Ohio-1177, ¶ 14 (6th Dist.) (trial court could take judicial notice of proceedings in immediate case before it when resolving Civ.R. 12(B)(6) motion); *Am. Tax Funding L.L.C. v. Miamisburg*, 2011-Ohio-4161, ¶ 26 (2d Dist.) (whether the trial court's own records were "appropriate" for deciding a Civ.R. 12(B)(6) motion depended on the purpose for which they were considered).

{¶ 15} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Duer v. Henderson*, 2009-Ohio-6815, ¶ 68 (2d Dist.). That means the appellate court independently examines the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.).

### II. Review of the Trial Court's Dismissal with Prejudice

{¶ 16} The record provides the following relevant timeline.

| DATE | EVENT |
|---|---|
| Nov. 19, 2019 | First tax certificate purchased |
| Nov. 23, 2020 | Second tax certificate purchased |
| Mar. 22, 2021 | Notice of intent to foreclose on 2019 tax certificate |
| Mar. 24, 2021 | Complaint for foreclosure filed |
| July 20, 2021 | Deadline to file foreclosure action based on notice of intent |
| July 23, 2021 | Judgment and decree of foreclosure entered |
| Mar. 23, 2022 | Commencement deadline under Civ.R. 3(A) |
| Nov. 19, 2022 | 2019 tax certificate expired |
| Sept. 27, 2023 | Jones's motion for relief from judgment and to vacate sale |

| Oct. 12, 2023 | FIG's motion to vacate foreclosure judgment |
| Oct. 14, 2023 | Foreclosure judgment vacated |
| Oct. 23, 2023 | Service perfected on Jones |
| Nov. 23, 2023 | 2020 tax certificate expired |
| Dec. 1, 2023 | Jones files Civ.R. 12(B)(6) motion |
| Mar. 15, 2024 | Court grants dismissal with prejudice |

{¶ 17} As the purchaser of tax certificates, FIG had two deadlines for filing a foreclosure action related to the Conners Street property. First, FIG was required to seek foreclosure within the three-year certificate period. *See* R.C. 5721.37(A)(1). Second, after the Montgomery County Treasurer certified that the parcel had not been redeemed, FIG was required to commence its foreclosure action within 120 days of the filing of its notice of intent to foreclose. *See* R.C. 5721.37(C)(2).

{¶ 18} On March 22, 2021, FIG submitted its notice of intent to foreclose on the 2019 tax certificate, and the same day, the Treasurer certified that the property had not been redeemed. FIG thus had until July 20, 2021 to file its foreclosure action. Based on the dates the two tax certificates were sold, the certificates expired on November 19, 2022, and November 23, 2023, respectively.

{¶ 19} Under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" The serving party or that party's attorney is responsible for determining if service has been made. Civ.R. 4.6(E).

{¶ 20} FIG filed its foreclosure complaint on March 24, 2021. Although it believed

that it had obtained service upon Jones within a year, the parties appear to agree that Jones was not properly served until October 23, 2023. Accordingly, FIG's foreclosure action was not commenced against Jones on March 24, 2021.

{¶ 21} FIG asserts that the time for service was tolled during the period when it had a judgment and decree of foreclosure. Indeed, the foundation of FIG's argument appears to be that it mistakenly believed that it had commenced the case and that it should not be penalized for that mistake. However, FIG has not cited any authority indicating that the time for service is tolled under the circumstances before us, and we have found none. Ohio's Rules of Civil Procedure do not provide for tolling when service is mistakenly made upon the wrong person. To the contrary, it was FIG's responsibility to ensure that proper service had been made. *See* Civ.R. 4.6(E); *Kowalski v. Pong*, 2017-Ohio-9310, ¶ 15 (2d Dist.). The fact that FIG's mistake did not come to light until after it had received a judgment did not justify tolling the one-year commencement period in Civ.R. 3(A). *Accord Kowalski*.

{¶ 22} FIG further argues that the action should have been dismissed *without* prejudice, because it was entitled to refile its action within one year of the foreclosure judgment's reversal, as provided by Ohio's savings statute. Ohio's saving statute reads:

> In any action that is commenced or attempted to be commenced, if in due
> time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise
> than upon the merits, the plaintiff . . . may commence a new action within
> one year after the date of the reversal of the judgment or the plaintiff's failure
> otherwise than upon the merits or within the period of the original applicable

statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

R.C. 2305.19(A).

{¶ 23} The savings statute "acts as an exception to the general bar of the statute of limitations" and is "intended to provide a litigant an adjudication on the merits." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11. It "allows plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations expires." *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 11.

{¶ 24} In *Moore*, the Ohio Supreme Court addressed whether the plaintiff could rely on the savings statute when the complaint (a medical malpractice case) was filed within the one-year statute of limitations, but the plaintiff neither obtained service on the defendant-doctor within Civ.R. 3(A)'s one-year commencement period nor dismissed the action during that time. In that case, the doctor had sought summary judgment, arguing that the claim against him was time-barred because Moore failed to serve him within Civ.R. 3(A)'s one-year period; service was then perfected on the doctor. The Court held that, because Moore had not served the doctor during the one-year commencement period, the action against the doctor had not been commenced within the statute of limitations, the action failed, and the savings statute could not be used to revive it. *Moore*, 2020-Ohio-4113, ¶ 2. The Court explained:

In order for the [savings] statute to apply, the claim must have failed "otherwise than upon the merits" and then Moore must have filed a new claim within one year thereafter. Here, when Moore issued instructions to

the clerk to serve the complaint in March 2017 [20 months after the complaint was filed], Moore's claim hadn't failed other than on the merits. The case remained on the court's docket – it was subject to dismissal, to be sure, both because Moore had failed to accomplish service and because the statute of limitations had run. But no such dismissal had been entered, and if such dismissal had been entered, the expiration of the statute of limitations would have made the failure on the merits. *See LaBarbera v. Batsch*, 10 Ohio St.2d 106, 114-115, 227 N.E.2d 55 (1967) ("a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause"). Further, Moore did not file a "new action." The only thing he did was ask the clerk to serve the original complaint that remained on the court's docket. Thus, if the savings statute means what it says, it does not apply.

*Id.* at ¶ 19.

{¶ 25} The supreme court further clarified that a new instruction to the clerk to serve a complaint that is made after Civ.R. 3(A)'s commencement period has expired may be treated as a dismissal and refiling for purposes of the savings statute only when the statute of limitations has not yet expired. *Id.* at ¶ 26, limiting *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549 (1991).

{¶ 26} Finally, the *Moore* Court rejected the argument that the "attempt to commence" language saved Moore's action. The Court recognized that the savings statute applied when both (1) the complaint was filed and service was requested within

the limitations period and (2) the complaint was dismissed after the limitations period had run but within Civ.R. 3(A)'s commencement period. *Id.* at ¶ 28, citing *Thomas v. Freeman*, 79 Ohio St.3d 221 (1997). The Court distinguished *Thomas*, noting that, in Moore's case, there was no failure other than on the merits and no new action had been filed. *Id.* at ¶ 29.

{¶ 27} FIG claims that *Moore* is distinguishable and that *Thomas* establishes that the dismissal of the foreclosure judgment for lack of service should have been without prejudice. FIG asserts that the savings statute would apply to a refiled action because (1) it attempted to commence the action, (2) it obtained a judgment that was reversed, and (3) the trial court dismissed the action for a reason "otherwise than on the merits." We disagree with FIG's arguments.

{¶ 28} Our analysis is guided by *Moore*. Similar to that case, FIG timely filed its complaint but failed to either serve Jones, the named defendant, within the one-year commencement period in Civ.R. 3(A) or dismiss its action within that one-year period. Because FIG did not perfect service within one year, its action was not commenced on March 24, 2021. As in *Moore*, when FIG sought to have Jones served in October 2023, the case remained on the trial court's docket, and no new action had been filed. When the trial court ultimately granted Jones's Civ.R. 12(B)(6) motion to dismiss, it did so on the ground that FIG's action was time-barred, a failure on the merits. Like *Moore*, the savings statute cannot save FIG's claim against Jones under these circumstances.

{¶ 29} The fact that FIG had been granted a judgment in its favor that was later vacated does not change our conclusion. Initially, we question whether the vacation of

a judgment on the plaintiff's own motion constitutes a "reversal" under the savings statute. Indeed, the use of the term "reversed" suggests a reversal from an appellate court. *See* Ohio Const., Art. IV, Section 3(B)(2) (generally granting appellate courts jurisdiction "to review and affirm, modify, or reverse judgments or final orders" of inferior courts).

{¶ 30} Moreover, FIG has not referred us to any cases demonstrating the application of the savings statute after a judgment has been vacated by the trial court due to lack of service on the defendant. Contrary to FIG's assertion, we have found cases that have upheld dismissals on statute of limitations grounds where the plaintiff obtained a default judgment, the judgment was vacated for lack of service after the running of the statute of limitations, and service was then perfected. *See Simindinger v. Meeker*, 2021-Ohio-3274 (3d Dist.); *Khatib v. Peters*, 2017-Ohio-95 (8th Dist.).

{¶ 31} Here, FIG obtained a default foreclosure judgment, but the judgment was vacated on both parties' motions due to the failure to serve Jones. After vacating the default judgment, the trial court was left with an action that had not yet been commenced, and the one-year period for doing so under Civ.R. 3(A) had long since past. FIG served Jones with the complaint on October 23, 2023, two and a half years after it filed its complaint. When Jones subsequently moved to dismiss the action, his argument was not based on lack of service, as FIG contends; at that point, he had been successfully served. Rather, Jones argued that FIG's claims were now time-barred, an argument addressing the merits of FIG's action.

{¶ 32} Any future action filed by FIG based on the 2019 tax certificate would have been brought well beyond the 120-day deadline based on its March 22, 2021 notice of

intent to foreclose and after the 2019 tax certificate had expired. FIG could neither submit a new notice of intent to foreclose to the Montgomery County Treasurer nor file a foreclosure action within the three-year certificate terms as the tax certificates had expired. The trial court appropriately dismissed FIG's action with prejudice.

{¶ 33} FIG's assignment of error is overruled.

### III. Conclusion

{¶ 34} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.