[Cite as *Galloro v. SAR Hospitality, L.L.C.*, 2025-Ohio-2751.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Brandon Galloro

    Appellant

v.

SAR Hospitality, LLC, et al.

    Appellees

Court of Appeals No.  L-24-1273

Trial Court No.  CI0202403412

**<u>DECISION AND JUDGMENT</u>**

Decided:  August 5, 2025

* * * * *

Brandon Galloro, pro se.

Ryan G. Klaric, for appellees.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Brandon Galloro, from the October 22, 2024 judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Galloro sets forth two assignments of error:

1. The trial court erred in granting Defend[a]nts' Motion to Dismiss.

2. The trial court erred in denying Plaintiff's motion for default judgment.

**Background**

{¶ 3} On August 10, 2024, Galloro filed a complaint in the trial court in which he set forth two counts: negligence and willful, wanton and reckless negligence. He alleged that on August 8, 2022, appellees, SAR Hospitality, LLC ("SAR") and Alfons Beshi, a hotel and hotel owner, respectively, negligently permitted Galloro to be bitten by a dog, owned by a third-party. Attached to the complaint were photographs and a document entitled "Pets Policy."

{¶ 4} On September 11, 2024, Galloro filed a motion for default judgment in which he claimed he filed his complaint on August 10, 2024, and that service was made on SAR and Beshi on August 13, 2024, but they failed to appear or respond.

{¶ 5} On September 20, 2024, counsel for SAR and Beshi filed a notice of appearance with the trial court. That same day, SAR and Beshi filed a motion to strike or, in the alternative, opposition to Galloro's motion for default in which they argued there was zero evidence they were served with the summons or complaint. In addition, they asserted that even if service was obtained, default was improper as there was no evidence that they were served with the complaint on August 13, 2024. They attached to their motion a copy of the trial court docket and indicated that "[a]s of today's date, the docket does not demonstrate any successful service via certified mail." Also on that day, SAR and Beshi filed a motion to dismiss Galloro's complaint, pursuant to Civ.R. 12(B)(6), in which they asserted the complaint was barred by the statute of limitations.

2.

{¶ 6} On October 17, 2024, Galloro filed an amended motion for default judgment in which he claimed he filed his complaint on August 2, 2024, within the statute of limitations, and "[t]he complaint filed on August 10th, 2024 is a refile date." Galloro further claimed SAR and Beshi "were properly serviced by certified mail on August 13th, 2024, . . . [and] [a]llowing three (3) days for certified mail delivery would start the clock for 28 days on August 16th, 2024. The deadline to respond ceased on September 13th, 2024." Galloro also claimed SAR and Beshi's notice of appearance, motion to strike and motion to dismiss were filed on September 20, 2024, one week after the deadline. Attached to Galloro's amended motion were two exhibits: Exhibit A, which set forth:

> Document Details
> Court - File & Serve
> Case Style
> Date/Time Submitted - 8/2/2024 5:31 AM EST
> Filing Type - Complaint (Also Upload: Case Designation Form)
> Filing Description
> Activity Requested - Efile
> Filed By - Brandon Galloro

and Exhibit B, which was a summons to SAR and a summons to Beshi.

{¶ 7} On October 22, 2024, the trial court denied Galloro's motion for default judgment and amended motion for default because the docket showed service had not been perfected on SAR and Beshi. That same day, the court granted SAR and Beshi's motion to dismiss. Galloro appealed.

{¶ 8} We will address Galloro's assigned errors out of order.

3.

**Second Assignment of Error**

**Galloro's Arguments**

{¶ 9} In his brief, Galloro argues the trial court erred in denying his motion for default judgment. He claims the failure to make service within the 28-day period and the failure to make proof of service do not affect the validity of the service, citing Civ.R. 4.1. He contends it is the clerk's duty to update the appearance docket for online access and the clerk failed to do so with the delivery confirmation of the summons and complaint. He cites R.C. 2303.12, concerning records to be kept by the clerk and online availability, and he refers to Appendix C.[1] He asserts the clerk shall "enter the issue of the summons or other mesne process or order and the filing of each paper, and he shall record in full the return of such writ or order with the date of its return to the court, which entry shall be evidence of such service[.] R.C. 2303.13."

{¶ 10} Galloro further argues, citing *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80 (1988), paragraph 2c of the syllabus, that once "'the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal.'" (The issue before the

---

[1] Attached to Galloro's brief is a copy of the USPS Certified Mail tracking information, with tracking number, date of pre-shipment on August 13, 2024, and date of delivery on August 15, 2024 at 12:44 pm.

*Atkinson* court was whether reasonable notice of a final judgment or order was required to be given to parties by the deciding court/clerk to protect the parties' right to appeal.)

{¶ 11} Galloro observes that while SAR and Beshi claim in their motion to strike that there was zero evidence of a summons or complaint being served, the appearance docket shows the summons and complaint "were sent by USPS Certified Mail" on August 13, 2024, and a tracking number was provided.  Galloro submits that when "checking the tracking number through USPS, it shows the Summons and Complaint were signed for and delivered on August 15th at 1244 hours (Appendix C)."

{¶ 12} Galloro asserts that "one can constitute that there is evidence of service and that service was made upon [SAR and Beshi]. . . [w]ith the notification and date of the certified mailing containing the Summons and Complaint on the Appearance Docket, the tracking number for the certified mailing on the Appearance Docket, no indication of failure of service on the Appearance Docket and a delivery confirmation from the mail carrier[.]"  Galloro contends "[i]t is the duty of the Clerk to update the Appearance Docket . . [and Galloro] should not be penalized for the Clerk's failure to do [its] duty."

**SAR and Beshi's Arguments**

{¶ 13} In their brief, SAR and Beshi argue that Galloro failed to perfect service of the summons and complaint on them, pursuant to Civ.R. 4.1(A)(1)(a).  They contend the online docket shows the summons and complaint were sent to them via certified mail on August 13, 2024, but there is nothing on the online docket or in any filings of a return receipt, as required by Civ.R. 4.1(A)(1)(b).

5.

{¶ 14} SAR and Beshi assert Galloro failed to provide any evidence that the complaint was properly served on them. They contend that Galloro's brief provides the USPS tracking number notification page as evidence that the summons and complaint were signed for and delivered on August 15, 2024, but there "is zero indication on the USPS Tracking Number that the Summons and Complaint were 'signed for.' The USPS Tracking Number simply says 'Delivered, Left with Individual.'" They also argue that evidence the summons and complaint were sent on a certain day is not proper service.

{¶ 15} SAR and Beshi submit that Galloro's claim that "pursuant to Civ.R. 4.1, 'Failure to make service within the twenty-eight day period and failure to make proof of service do not affect the validity of the service[,]'" comes from language in Civ.R. 4.1(B)(2)(b), which deals with personal service that a plaintiff must request from the clerk, in writing, to serve the summons and complaint. They contend there is nothing in the record that Galloro requested this method of service.

**Galloro's Additional Argument**

{¶ 16} Following briefing, Galloro filed, with this court, a "Notice of Documents in Support of [His] Arguments" in which he submitted a document which contains the USPS tracking number, delivery signature, the date and time of the delivery, the delivery address and the name of the person to whom the mailing was delivered. Galloro contends this document proves that service was perfected and substantiates his claim that SAR and Beshi defaulted by failing to answer the summons and complaint within 28 days.

6.

**Law**

**Service**

{¶ 17} Civ.R. 4.1 states in relevant part:

. . .

(A) Service by Clerk.
*(1) Methods of Service.*
(a) Service by United States certified or express mail. **Evidenced by return receipt signed by any person accepting delivery**, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. (Emphasis added.)

. . .

(2) *Docket Entries; Return*. The clerk shall forthwith enter on the appearance docket the fact of delivery to the United States Postal Service for mailing or the fact of delivery to a specified commercial carrier service for delivery, and make a similar entry when the return receipt is received. If the return shows failure of delivery, the clerk shall forthwith notify . . . the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action.
. . .

(B) Personal Service. When the plaintiff files a written request with the clerk for personal service, service of process shall be made by that method.
. . .

(2) *Civil Process Server; Procedure.*

. . .

7.

(b) When the person serving process is unable to serve a copy of the process within twenty-eight days, the person shall endorse that fact and the reasons therefor on the process and return the process and copies to the clerk who shall make the appropriate entry on the appearance docket. In the event of failure of service, the clerk shall follow the notification procedure set forth in division (A)(2) of this rule. Failure to make service within the twenty-eight-day period and failure to make proof of service do not affect the validity of the service.

{¶ 18} "Service by certified mail, '[e]videnced by return receipt signed by any person,' is complete when the clerk notes receiving the return receipt on the docket. Civ.R. 4.1(A)(1)(a)." *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, ¶ 30 (10th Dist.).

{¶ 19} Civ.R. 4.6(E) states in pertinent part:

The . . . serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service notwithstanding the provisions in Civ.R. 4.1 through 4.6 which instruct a clerk to notify the . . . serving party of failure of service of process.

{¶ 20} In *Wurz v. Swan*, 1991 WL 97316, (6th Dist. June 7, 1991), this court addressed an issue similar to that raised by Galloro. Wurz argued Swan was properly served with the summons and complaint pursuant to Civ.R. 4.3(B)(1).[2] *Id.* at *1. However, this court found the record did not support Wurz's assertion because there was "no return receipt for the certified mailing in the record of this case. The appearance docket does not indicate that the return receipt was even signed." *Id.* This court further found the case cited by Wurz, *Castellano v. Kosydar*, 42 Ohio St.2d 107 (1975), indicated

_____

[2] Civ.R. 4.3(B)(1) provides "[t]he clerk may make service of process or other documents to be served outside the state in the same manner as provided in Civ.R. 4.1(A)(1) through Civ.R. 4.1(A)(3)."

8.

that "certified mail service is effective 'when the notice is delivered and *properly receipted for by an appropriate person.*' . . . In the instant case, there is no evidence in the record that anyone received the certified mailing meant to apprise [Swan] of the pendency of this action against her." *Id.*

**Jurisdiction/Service**

{¶ 21} A "'trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings.' *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, . . . [(1990)], paragraph one of the syllabus." *MB West Chester, L.L.C. v. Butler Cnty. Bd. of Revision*, 2010-Ohio-3781, ¶ 29.  Service of the summons and the complaint "''is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 . . . (1987), quoting *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444-45 . . . (1946).  In the absence of service of process or the waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as a defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 . . . (1999)." *During v. Quoico*, 2012-Ohio-2990, ¶ 25 (10th Dist.).  A court may acquire personal jurisdiction over a person by service of process, voluntary appearance or waiver.  *Maryhew v. Yova,* 11 Ohio St.3d 154, 156 (1984).

9.

**Default Judgment**

{¶ 22} Civ.R. 55 states in relevant part:

(A) Entry of Judgment.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor. . .

{¶ 23} However, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Professional Bank Servs. v. Abboud*, 2015-Ohio-1651, ¶ 12 (8th Dist.), citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62 (10th Dist. 1995).

{¶ 24} Moreover, when a defendant files a motion to dismiss under Civ.R. 12(B)(6) in response to a complaint, the defendant "'otherwise defend[s]' and makes an appearance in the action," thus default judgment under Civ.R. 55(A) is not proper. *JPMorgan Chase Bank, Natl. Assn. v. Swan*, 2014-Ohio-999, ¶ 21 (6th Dist.).

**Record on Appeal**

{¶ 25} In *Jacobs v. Sandusky Register*, 2024-Ohio-5422, ¶ 25 (6th Dist.), this court set forth that "[a]ppellate review of a trial court's order is limited to the record made in the trial court." *See also State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

10.

**Standard of Review**

{¶ 26} We typically review a trial court's decision to grant or deny a motion for default judgment for an abuse of discretion. *Toledo v. Heron Arizona Fund 1, LLC*, 2024-Ohio-1510, ¶ 24 (6th Dist.). But, "[c]hallenges to a trial court's jurisdiction present questions of law and are reviewed by this [c]ourt de novo." *Lorain Cty. Treasurer v. Schultz,* 2009-Ohio-1828, ¶ 10 (9th Dist.). De novo review requires the appellate court to exercise its own independent judgment. *Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159 (1969).

{¶ 27} Since Galloro is essentially challenging the trial court's determination that it did not have personal jurisdiction over SAR and Beshi, as the court denied the motion for default on the basis that there was no evidence that SAR and Beshi had been served, we will conduct a de novo review of the trial court's denial of the motion for default.

**Analysis**

{¶ 28} At the outset, we observe that Galloro attached to his brief and filed with this court several documents which were not part of the trial court record. Since our review is limited to the trial court record, we cannot consider these documents.

{¶ 29} Upon review of the applicable law and the record before the trial court at the time it rendered judgment denying Galloro's motion for default judgment, we find that Galloro did not satisfy the requirements in Civ.R. 4.1(A)(1), as the record shows he attempted to serve SAR and Beshi by certified mail, but the record does not include the certified mail return receipts to show the mail was delivered, refused, or unclaimed, nor

11.

did the clerk note on the docket that return receipts were received. We therefore find since Galloro did not demonstrate that he had perfected service on SAR and Beshi when the motion for default was filed, the trial court lacked jurisdiction to render a default judgment against them, and the trial court did not err when it denied Galloro's motion for default judgment.

{¶ 30} Regarding Galloro's amended motion for default judgment, the record reveals that after Galloro filed his motion for default, SAR and Beshi's counsel entered an appearance and filed a motion to strike/opposition to motion for default and motion to dismiss. By such filings, SAR and Beshi made an appearance in the action, which effectively waived service such that the trial court assumed jurisdiction over them, and they "otherwise defended" so that a default judgment under Civ.R. 55(A) was not proper. As such, we find the trial court did not err when it denied Galloro's amended motion for default judgment.

{¶ 31} In light of the foregoing, Galloro's second assignment of error is not well-taken.

## First Assignment of Error

**Galloro's Arguments**

{¶ 32} Galloro argues that the trial court erred in granting the motion to dismiss. He contends that a civil action is commenced by filing a complaint with the court, if service is obtained within one year upon a defendant, according to Civ.R. 3(A), and he filed his complaint on August 2, 2024, at 0531 hours, as indicated on the filing receipt.

12.

{¶ 33} Galloro asserts "the filing date on the appearance docket reflects the resubmission of a case designation form that was rejected due to a clerical error . . . [because] the case designation form provided by the Lucas Count Common Pleas Court was not signed." He contends "[t]he form lacked any indication of needing a signature, nor did it have a line where a signature should go," so he contacted the clerk, was told to make his own signature line and once the signature issue was fixed, the case designation filing was approved.

{¶ 34} Galloro submits this was an unforeseeable error caused by the clerk's office, citing *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84 (1990) (Pro se prisoner unsuccessfully argued that a notice of appeal was filed with the clerk when the notice was turned over to prison authorities for mailing.). Galloro also cites, inter alia, *Scott v. Orlando*, 2 Ohio App.3d 333, 334-335 (6th Dist. 1981), where this court held that "'a cause of action will not be barred by failure to obtain service within the prescribed time when such failure is caused by unreasonable delay attributable to the clerk of courts or the court itself.'"

**SAR and Beshi's Arguments**

{¶ 35} SAR and Beshi argue that Galloro failed to file his complaint within the applicable statute of limitations set forth in R.C. 2305.10. SAR and Beshi submit that both counts of Galloro's complaint sound in negligence and are subject to R.C. 2305.10's two-year statute of limitations. SAR and Beshi contend that Galloro alleges in his complaint that he was bitten by a dog on August 8, 2022, but the complaint was filed on

13.

August 10, 2024, greater than two years after the alleged incident, so the action is time-barred.

{¶ 36} SAR and Beshi observe Galloro claims that he filed his complaint on August 2, 2024, and Galloro refers to a "filing receipt" attached to his brief. SAR and Beshi assert, however, the filing receipt does not indicate exactly what was filed, it contains no case number or designation, and it does not indicate where the complaint was filed, including the county or Ohio.

{¶ 37} SAR and Beshi also note that Galloro alleges the complaint was not time-stamped as of August 2, 2024, because of a "clerical error" due to the case designation form. SAR and Beshi argue that despite Galloro's claims that the complaint was rejected numerous times due to a missing signature line, there is nothing on the docket, in the appellate record, or in Galloro's motion for default judgment to support Galloro's claims. SAR and Beshi maintain that Ohio courts have held the failure of a plaintiff to timely correct an alleged error in filing a complaint that was e-filed and rejected for lack of signature does not toll the statute of limitations. They cite *Culler v. Marc Glassman, Inc.*, 2014-Ohio-5434 (8th Dist.).

{¶ 38} SAR and Beshi further argue that ultimately, it is incumbent upon Galloro to ensure proper and timely filing of his pleadings, citing Lucas County C.P., Gen.Div.,

14.

Loc.R. 1.05(B),[3] which reads, in relevant part, that "[i]t is the responsibility of the . . . *pro se* litigant to ensure that a correct filing is submitted without delay."

**Standard of Review**

{¶ 39} "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *See Cincinnati v. Beretta U.S.A. Corp.*, . . . 2002-Ohio-2480, . . . ¶ 4-5." *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

**Law**

{¶ 40} R.C. 2305.10 states in pertinent part:

(A) . . . [A]n action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. . . [A] cause of action accrues under this division when the injury or loss to person or property occurs.

Civ.R. 12(B)(6) provides, in relevant part:

(B) Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . .

(6) failure to state a claim upon which relief can be granted[.]

{¶ 41} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court may dismiss a complaint, pursuant to a Civ.R. 12(B)(6) motion to

---

[3] The language quoted by SAR and Beshi is Lucas County C.P., Gen.Div., Loc.R. 1.05(A).

dismiss, for failing to comply with the applicable statute of limitations where the complaint, on its face, conclusively indicates the action is time barred. *Doe v. Archdiocese of Cincinnati*, 2006-Ohio-2625, ¶ 11. On appeal, the appellate court's "scrutiny is thus limited to the four corners of the complaint and the [document] incorporated as an exhibit thereto." *Loveland Ed. Assn. v. Loveland City School Dist. Bd.*, 58 Ohio St.2d 31, 32 (1979).

{¶ 42} An appellate court, when reviewing whether a motion to dismiss should have been granted, must accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

### Analysis

{¶ 43} Upon review, Galloro alleged in his complaint that on August 8, 2022, he suffered injuries when he was attacked by a dog while at SAR's hotel, which hotel was owned by Beshi, and that SAR and Beshi were negligent. The record shows that it is undisputed by the parties that Galloro's negligence claims are subject to the two-year statute of limitations in R.C. 2305.10(A).

{¶ 44} A review of Galloro's complaint and the applicable law shows that Galloro filed his complaint on August 10, 2024, which is more than two years after August 8, 2022, the date Galloro alleged that he was bitten by the dog. While Galloro argues in his brief that he filed his complaint on August 2, 2024, as evidenced by a filing receipt which he attached to his brief, we are limited to reviewing the four corners of Galloro's complaint to determine if he stated a claim upon which relief can be granted and the

16.

filing receipt is not before us, as the receipt was not mentioned in the complaint or incorporated as an exhibit to the complaint. Moreover, we find the cases cited by Galloro in support of this assigned error distinguishable.

{¶ 45} We therefore conclude that Galloro's complaint was not timely filed, pursuant to R.C. 2305.10(A), and the trial court properly granted SAR and Beshi's Civ.R. 12(B)(6) motion to dismiss. Accordingly, Galloro's first assignment of error is not well-taken.

{¶ 46} The October 22, 2024 judgment of the Lucas County Court of Common Pleas is affirmed. Galloro is ordered to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J. _____

_____
JUDGE

Myron C. Duhart, J. _____

Charles E. Sulek, P.J. _____
CONCUR.

_____
JUDGE


_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.